## JOHN FEAGLEY v. J. H. NORBECK ET AL.

ERROR TO THE COURT OF COMMON PLEAS OF LANCASTER COUNTY.

Argued May 24, 1889—Decided June 7, 1889.

1. An order setting aside an execution is in the nature of a final judgment, and a writ of error will lie thereto.
2. Where, at the time a bond with warrant of attorney to enter judgment is executed, the obligee agrees in writing not to issue execution except on a specified contingency, it is not error to set aside an execution issued in violation of the agreement.
3. The record showed that depositions had been filed to be read at the hearing of the rule to set aside the execution, but they were not furnished to the Supreme Court: In such case the finding of the court below, that the writ was issued in violation of the agreement, will be taken as correct.

Before Sterrett, Clark, Williams, McCollum and Mitchell, JJ.

No. 285 January Term 1889, Sup. Ct.; court below, No. 8 January Term 1889, E. D., C. P.

On November 23, 1888, a rule was granted to show cause why an alias fieri facias issued by John Feagley against Jacob H. Norbeck and Jacob Miley, trading as Norbeck & Miley, to No. 8 January Term 1889, E. D., should not be set aside. At the same time, another rule was granted to show cause why the judgment upon which the alias fieri facias was founded, should not be opened for the purpose of ascertaining the amount due thereon.

The facts sufficiently appear in the opinion of the court, Patterson, J., filed December 21, 1888.

Briefly stating the facts of the controversy, for the urgency of an early decision prevents an extended review of all the incidents arising between the contending parties, the firm of Norbeck & Miley, engaged in the business of carriage building, etc., in the city of Lancaster, desiring large means or capital

for that purpose, gave a bond, with power to enter judgment, to the plaintiff, John Feagley, dated January 5, 1887, conditioned to pay $10,000 one day after the date thereof, and reciting: "This judgment is given as collateral security to secure the said John Feagley for all liability he has now incurred, or may hereafter incur, for us, either as individuals or as partners, by reason of any and all indorsements, or as surety on any or all obligations on which he is at present or may hereafter become bound on our account;" which judgment bond was entered in the prothonotary's office at Lancaster the same day.

Agreeably to the object and conditions of said bond, the parties, plaintiff and defendants, in said bond, mutually supported each other, indorsing notes and renewing the same, by which the obligors carried on their business, apparently successfully, and gradually reduced their liability to the obligee in said bond, until, as it seems, by a loss of mutual confidence, the obligee in the bond, on November 19, 1888, issued an execution for a real debt of $5,000, and the same was levied upon the personal property of the obligors. In this state of things the parties and their counsel had a mutual conference on November 21st, in which it was agreed that the plaintiff would stay the writ of execution. The execution was accordingly stayed on November 21, 1888, by being so marked on the writ and signed by the plaintiff's attorney, the defendant or his attorney paying the costs, and was so returned by the sheriff. On the evening of the same day, to wit, November 21, 1888, the plaintiff issued an alias execution on same judgment for a real debt of $5,000, and on the 23d of same month the sheriff made a levy, as in the former writ of execution, whereby the business and business place of the defendants was closed and put into the hands of the sheriff. It was then that the defendant, Jacob H. Norbeck, the successor of the firm of Norbeck & Miley, presented his petition to the court, and on November 23, 1888, obtained the above rule to show cause, to wit, to strike off said alias fieri facias, and to open said judgment for the purpose of ascertaining how much, if anything, was due on the same. And on December 3, 1888, Norbeck, the defendant, supplemented his petition for said rule, and filed it same day in court. Both the said executions were issued to the same term.

When the mutual arrangement was made to withdraw the first execution, it appears that verbally some certain conditions were agreed upon, one of which was that the defendant, Norbeck, would pay $500 on a note in the Lancaster County Bank then due. This is not denied by the defendant, but he answers that he had made arrangements to pay the $500 above mentioned, but was prevented from complying with his agreement in that particular by reason of the plaintiff, in violation of his agreement, having issued an alias fieri facias on the same judgment a few hours after the settlement and withdrawal of the first fieri facias, as before stated, thereby putting his real and personal property in the custody and control of the sheriff.

Other alleged verbal conditions made at the withdrawal of the first fieri facias are asserted by one party and denied by the other. The court cannot consider such.

The parties also disagree as to the amount now due on the said collateral judgment; that is, the amount which the plaintiff, Mr. Feagley, is liable for, and the court cannot see how the making of the rule to open the said judgment absolutely can be denied.

That being the condition of things, when the alias fieri facias issued, and as it issued for too much, and the data given the court, as to the amount due not being mutually agreed to, the court could not correct the fieri facias as to amount. It will be necessary, therefore, that an issue be ordered to ascertain the correct indebtedness of defendants to the plaintiff under the said judgment. The plaintiff cannot complain of such action. When the collateral judgment of $10,000 was given and entered up in the prothonotary's office on January 5, 1888, although another judgment held by a different party preceded it, the plaintiff in this judgment was willing to take the second place and apparently considered himself perfectly safe on the real estate of the defendants. On the same day defendants executed the judgment bond for $10,000 to secure the plaintiff, the plaintiff in writing agreed as follows :

" Whereas, Jacob H. Norbeck and Jacob Miley have executed this day a judgment as collateral security to John Feagley to secure him against all liability as indorser or surety for the said Norbeck & Miley, payable one day after date ; now it is agreed that for and in consideration of one dollar that the said

John Feagley will not issue execution upon said judgment unless it should become necessary by reason of delay, or on account of judgment being about to be obtained and execution issued by some other party against the said Norbeck & Miley.

[Signed]   JOHN FEAGLEY."

It is not alleged that a judgment was about to be obtained or execution issued by some other person or party: mere rumor that defendant was about to make an assignment, nothing more.

The real estate of defendants will still be bound, and at this date the evident liability of the plaintiff, Feagley, is comparatively small. The court is without data to correct the amount in the fieri facias, or they would do so on motion. For the law is that the court has control of the writs of execution, so as to do justice to the parties, and we are of the opinion that that will be done by setting aside this alias fieri facias and opening the judgment to let the defendant into a defence and the plaintiff to show how much, if anything, is still due on the same.

The rule or rules considered are made absolute, on condition that defendant pay the $500 referred to in this opinion that he had agreed to pay, and the sheriff then shall withdraw from the goods his levy.

The plaintiff thereupon took this writ, specifying that the court erred in making absolute the rule to show cause why the alias fieri facias No. 8 January Term 1889, should not be set aside.

*Mr. William Leaman* (with him *Mr. Houser*), for the plaintiff in error.

Counsel cited, as to the power of the court over process of execution, and when it should or should not be exercised: Patterson v. Patterson, 27 Pa. 40 ; as to the right to an alias writ to the same term, when the original had first been stayed: Shaffer v. Watkins, 7 W. & S. 219 ; Ingham v. Snyder, 1 Wh. 116 ; Potts's App., 20 Pa. 253 ; Missimer v. Ebersole, 87 Pa. 109 ; Springer v. Brown, 9 Pa. 305 ; Bole v. Bogardis, 86 Pa. 37 ; Gibbs v. Atkinson, 1 Clark 476 ; Commonwealth v. Stremback, 3 R. 344 ; Miner v. Walter, 8 Phila. 571.

*Mr. W. H. Roland* and *Mr. J. Hay Brown*, for the defendants in error:

1. The opening of the judgment set aside the alias fieri facias: Savage v. Kelly, 11 Phila. 525; and a writ of error does not lie to the order making absolute the rule to open the judgment; the remedy is by appeal: Act of April 4, 1877, P. L. 53; T. & H. Pr. § 809, n. 10; Compher v. Anawalt, 2 W. 490; Skidmore v. Bradford, 4 Pa. 296; McKee v. Sanford, 25 Pa. 105; Henry v. Brothers, 48 Pa. 70; Peoples F. Ins. Co. v. Hartshorne, 84 Pa. 453. Moreover, there being no final judgment here, the writ of error was premature: Citizens B. & L. A. v. Hoagland, 87 Pa. 326.

2. The opening of a judgment entered upon warrant of attorney is a matter of sound discretion, and when that discretion is properly exercised, it is not reviewable: Bunce v. Wightman, 29 Pa. 335; Kellogg v. Krauser, 14 S. & R. 137; Hutchinson v. Ledlie, 36 Pa. 112; Banning v. Taylor, 24 Pa. 289; Cochran v. Eldridge, 49 Pa. 365; and the court will take notice of binding agreements, given at the time the judgment was executed and will set aside an execution issued in violation thereon. Moreover two successive writs cannot be issued returnable to the same term: T. & H. Pr., § 974; if it be done, the alias writ will be set aside; Shaffer v. Watkins, 7 W. & S. 219; Potts's App., 20 Pa. 253; Missimer v. Ebersole, 87 Pa. 109.

OPINION, MR. JUSTICE STERRETT:

The subject of complaint in the only assignment of error on this record is the order of court setting aside the alias fieri facias, No. 8 of January Term 1889.

It is claimed that the only remedy the plaintiff had was an appeal under the act of April 4, 1877, P. L. 52; but that is a mistake. The act referred to provides for an appeal to this court by parties aggrieved by the action of court on applications to open judgments entered by warrant of attorney, etc. A writ of error is the proper remedy for such action of the court as is here complained of. The court below had before it at the same time two distinct rules, one to open the judgment, and the other to set aside the alias fieri facias. Both were made absolute, but no appeal having been taken from the former, it is not before us. The latter, however, is properly here on the writ of error. An order setting aside an execu-

tion is in the nature of a final judgment, to which a writ of error lies: Pontius v. Nesbit, 40 Pa. 309.

The only remaining question is whether there was anything to warrant the action complained of. The court appears to have found as a fact that the execution was issued in direct violation of an express agreement not to do so, except in a certain contingency which had not then happened. The agreement is in writing, signed by the plaintiff at the time he received from defendants the bond on which the judgment above referred to was entered; and, as recited in the opinion of the court below, reads as follows: "Whereas, Jacob H. Norbeck and Jacob Miley have executed this day a judgment as collateral security to John Feagley to secure him against all liability as indorser or surety for the said Norbeck & Miley, payable one day after date; now it is agreed, that for and in consideration of one dollar that the said John Feagley will not issue execution upon said judgment, unless it should become necessary by reason of delay, or on account of judgment being about to be obtained and execution issued by some other party against the said Norbeck & Miley.     JOHN FEAGLEY."

As above stated, the court found that the execution in question was issued in violation of the agreement. The plaintiff has failed to satisfy us that there was any error in that conclusion. The docket entries show that depositions were taken, to be used on hearing of the rules, but we have not been furnished with them. In the absence of anything to the contrary, we must assume that the finding of the learned judge is correct. If so, the execution was rightly set aside.

> Order of court setting aside alias fieri facias is affirmed, with costs to be paid by plaintiff.