# ASSIGNED ESTATE OF GRAFF, BENNETT & CO.

**APPEALS BY NEW YORK LIFE INS. CO. ET AL. FROM THE COURT OF COMMON PLEAS NO. 2 OF ALLEGHENY COUNTY.**

Argued October 28, 1890—Decided January 5, 1891.
[To be reported.]

1. When lands are sold by an assignee for creditors subject to the lien of a mortgage, and the mortgagee, without being first required to proceed

Statement of Facts.

on his mortgage, is allowed a dividend upon his bond out of the pro
ceeds, creditors whose dividends have been thereby reduced are entitled
to be substituted, to that extent, to the mortgagee's rights.

2. A decree of substitution cannot be made, however, so long as any part
of the superior creditor's claim remains unsatisfied, as, until then, he is
entitled to the sole direction and control of his security, and of all ac-
tions, remedies or arrangements that he may desire to take thereon:
Kyner v. Kyner, 6 W. 221; Forest Oil Co.'s App., 118 Pa. 138.

3. Wherefore, it is error, in awarding such dividend to the mortgagee
upon his mortgage bond, to attach a condition requiring him to assign
for the use of the other creditors a corresponding part of his mortgage,
even though the decree provide that the part to be assigned shall be
postponed to the balance of the mortgage unassigned.

4. Speaking for myself only, I am disposed to think that the difficulties
in the way of a partial and postponed subrogation to the remedies of a
partly satisfied creditor are not insuperable, and that the court in Kyner
v. Kyner gave up too easily; but the rule, in the form that that case
left it, is now too firmly fixed to be disturbed: Per Mr. Justice MITCH-
ELL.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MC-
COLLUM and MITCHELL, JJ.

Nos. 60, 62, October Term 1890, Sup. Ct.; court below, No.
267 April Term 1888, C. P. No. 2.

On August 31, 1889, Mr. John H. Bailey, assignee for the
benefit of creditors of Graff, Bennett & Co., having filed his
second and final account, the court below appointed *Mr. J. H.
Miller* auditor, to report a schedule of distribution of the fund
in the hands of the accountant. The auditor subsequently re-
ported, finding in substance the following facts:

The firm of Graff, Bennett & Co., executed a general assign-
ment for the benefit of creditors on February 21, 1888. Among
the assets of the assigned estate was certain realty, which
was subject to two prior mortgages, one in favor of the
New York Life Insurance Company and one in favor of Hay
Walker, trustee. The mortgage to the New York Life Ins.
Co. was given to secure bonds to the amount of $450,000, and
that in favor of Hay Walker, trustee, to secure bonds amount-
ing to $200,000.

On July 11, 1888, the court made an order, under the act
of February 17, 1876, P. L. 4, authorizing the assignee to sell
the real estate discharged of all liens and encumbrances except

the mortgages referred to; and in pursuance of said order, the assignee sold it to James W. Friend, James W. Bailey and James Pickard, trustees for certain of the creditors of Graff, Bennett & Co., for $25,050, subject to said mortgages, and upon report thereof to the court the sale was confirmed.

Upon the hearing before the auditor, the New York Life Ins. Co., claimed out of the fund for distribution a dividend upon $403,000, the balance due upon the bonds secured by its mortgage; and Hay Walker, trustee, claimed a dividend out of the same fund upon $65,000, the balance due upon his mortgage. The creditors, not interested in the purchase made by Friend and others, trustees, asked that before any dividends should be paid to the mortgagees upon their bonds, they should be required to assign to John H. Bailey, assignee, such portions of the mortgage indebtedness as should equal the amount of the dividends so paid, to be held by said assignee for the benefit of the creditors having no interest in the real estate so purchased subject to the mortgages.

Upon these claims the auditor reported his opinion as follows: ·

The auditor is of the opinion that the claim for subrogation is well founded; but, inasmuch as the dividends to the members of the syndicate are diminished proportionally to those appropriated to the non-syndicate creditors, by allowing a dividend on the bonds accompanying the mortgages of the New York Life Ins. Co., and Hay Walker, trustee, subrogation must be granted to all the unsecured creditors of Graff, Bennett & Co.; and the auditor finds that the creditors of that firm, not secured by mortgage, have equities that entitle them to subrogation to the rights of the said mortgagees, to the extent of the payment received by them as dividends upon the bonds secured by these mortgages. In support of this opinion and finding the auditor cites the following authorities: . . . . .

—Citing and considering Robinson v. Leavitt, 7 N. H. 99; Star v. Ellis, 6 Johns. Ch. 395; Sheldon on Subrogation, 14; McCleane v. Cadwalader, 15 N. B. R. 383; Hancock v. Jaycox, 12 N. B. R. 517; Wallace v. Conrad, 3 N. B. R. 41; McCormick v. Irwin, 35 Pa. 117; Mosier's App., 56 Pa. 80; Cottrell's App., 23 Pa. 294; Sheffy's App., 97 Pa. 317, the auditor concluded:

Your auditor is of the opinion that the New York Life Ins. Co., and Hay Walker, trustee, ought to receive the amounts here appropriated to them, upon condition that they respectively assign to John H. Bailey, assignee, for the benefit of all the creditors of Graff, Bennett & Co. who are unsecured, portions of the mortgage debts and securities equal to the amounts of the dividends appropriated to them respectively by this audit; and the auditor respectfully recommends that your honorable court make such order.

—The auditor accordingly reported a schedule of distribution awarding to the New York Life Ins. Co. a dividend of $59,273.24, and to Hay Walker, trustee, a dividend of $9,560.

Upon exceptions to the report of the auditor, the court, EWING, P. J., filed an opinion in part as follows:

The auditor has made a careful and satisfactory report, and we adopt his views with one modification. As between the syndicate creditors, as purchasers of the real estate subject to the liens of the mortgages, the other unsecured creditors have a clear equity to prevent the mortgage debts from being paid from the general fund, to the relief of the land purchased and to the loss of the outside creditors. The mortgages should not be satisfied as to the purchasers by payment of dividends from the general fund. The mortgage creditors have a right to receive a dividend on the bonds, and, as to the balance of their mortgages, they should not be embarrassed by a joint control thereof by other creditors or by the assignee.

We are of the opinion that the court has the power to withhold the payment of the dividends to be awarded to them, until there shall have been an exhaustion of the mortgaged property. This can be done, if the holders of the mortgages decline to accept what seems to us to be the proper method for both parties, to wit, that the assignee pay to the New York Life Ins. Co. and to Hay Walker, trustee, the amounts awarded to them respectively by the auditor's report, on their assignment to the assignee of the like sums of their respective mortgages, for the benefit of the unsecured creditors, but the amounts so assigned to be postponed to the balance of said mortgage debts unpaid and held by the mortgagees respectively.

As to the exceptions filed to the report, which claim that the

syndicate creditors should be postponed in this distribution to the other unsecured creditors, to the extent of the dividends awarded to the mortgage debts, or that the assignment of the portion of the mortgage debts so paid to the assignee shall be for the use of the unsecured creditors not included in the syndicate, the points would be well taken did it appear that the syndicate creditors are under personal legal obligation to pay the mortgage debts; but they are not to be borne by them, and we are unable to see that they can be deprived of their right to share in this distribution.

—A decree of distribution was then entered wherein it was ordered " that the assignee pay to the New York Life Ins. Co., and to Hay Walker, trustee, the sums distributed to them on their bonds secured by mortgages respectively, on their assigning to the assignee, for the use of the other creditors of Graff, Bennett & Co., the like sums of their respective mortgages; said portions of said mortgages, so to be assigned, to be postponed to the balance of said mortgages held by said mortgagees respectively." [1]

Thereupon the New York Life Ins. Co. and Hay Walker, trustee, took these appeals, specifying that the court erred:

1. In entering the decree of distribution.[1]

2, 3. In not awarding to the appellants unconditionally the dividends allowed upon their respective claims.

*Mr. D. T. Watson* and *Mr. John M. Kennedy* (with them *Mr. James C. Doty*), for the appellants:

1. The right of the mortgagees to receive dividends out of this fund, notwithstanding they had liens upon the real estate, was conceded by the auditor and the court below, and is supported by the following cases: Shunk's App., 2 Pa. 304; Morris v. Olwine, 22 Pa. 441; Keim's App., 27 Pa. 42; Clark's Est., 2 Chest. Co. R. 118; Miller's App., 35 Pa. 481; Graeff's App., 79 Pa. 146. But the auditor and court erred in awarding the dividends conditionally.

2. There can be no substitution or subrogation so long as any part of the older creditor's claim remains unpaid: Kyner v. Kyner, 6 W. 221; Bank of Penna. v. Potius, 10 W. 148; Hoover v. Epler, 52 Pa. 522; Allegheny N. Bank's App., 34 Pittsb. L. J. 263; Allegheny N. Bank v. McCutcheon, 35 P.

L. J. 182. Nor can it be claimed upon tender of payment, coupled with any condition whatever: Forest Oil Co.'s App., 118 Pa. 138.

3. The decree directing that the portions of the mortgage to be assigned shall be postponed to the balance of the mortgages, does not help matters; it tends only to greater confusion, because it does not specify in what respect they are to be postponed. In case of foreclosure, ejectment, taking possession, or other remedies, which may be desired by some of the parties interested and objected to by others, complications would arise, and the mortgagees would not have the full control of their securities, to which they are entitled until their claims have been paid in full.

There was no appearance for the appellees.

OPINION, MR. JUSTICE MITCHELL:

The group of creditors, called for convenience the syndicate, bought in the property for $25,050, subject to mortgages representing real debts of $403,000 and $65,000, respectively. By this purchase they agreed, in effect, to pay $493,050 for the property, and if the sale had been for cash, that sum would have come to the assignee, out of which the present appellants would have taken the amounts of their mortgages, and the other creditors would have had the $25,050 and the subsequent fund of $185,464.50 for payment of their claims. But the mortgagees, appellants, still holding their mortgages on the land, come in now as claimants on the mortgage bonds, and diminish these funds to the extent of the dividends on their claims. These dividends, therefore, take away so much of the fund available to creditors, and at the same time, if left to their legal operation as payments on the bonds, reduce the mortgages pro tanto, and thereby relieve the syndicate at the expense of the general creditors. This is a result which equity will never permit. The appellants have two sources from which to secure payment; and, under the circumstances of this case, unquestionably the land is primarily liable. The rule that equity may require the creditor with two funds to resort first to that which the other creditors cannot reach is too familiar to need citation of authority, and it is especially

applicable to the marshaling of assets and the distribution of a fund in court. The appellants might, therefore, have been compelled to proceed upon their mortgages before coming upon this fund; but the court below, instead of pursuing that course, which might have involved much hardship and possible risk of loss, allowed the dividends upon the bonds, but attached a condition that the mortgagees should assign for the use of the other creditors the like sums of their respective mortgages, to be postponed however, in the hands of the assignee, to the balances of the mortgages retained by the mortgagees. From this decree the mortgagees have appealed.

The relief afforded, to wit, the subrogation of the general creditors to the mortgage securities, to the extent that their own fund has been diminished by the payments on the bonds, is clearly within the power and duty of a court of equity; and the only question that arises is upon the form in which the result has been reached.

If the bonds, by reason of judgment and levy, or for any other reason, had had precedence, and the fund had been sufficient to pay them in full, no doubt could have arisen as to the duty of the court to subrogate the other creditors to the remedy under the mortgages, and the only difference here is that the bonds and the debts they secure are not paid in full. This difference, however, has been uniformly treated in our cases as material. Subrogation never takes place to the prejudice of any other right. The appellants cannot be deprived of any part of their security, or have its precedence and effectiveness impaired in any way. However small the real debt to which the mortgage may be reduced, they are not only entitled to the whole land for its security and ultimate payment, but also to the sole and unimpeded possession, direction, and control of the mortgage, and of all actions, remedies, or arrangements that they may desire to take thereon. For this reason it was said in the earliest important case on the subject, Kyner v. Kyner, 6 W. 221, that substitution cannot be made as long as the debt remains unsatisfied, though in part only; because, until the creditor " shall be wholly satisfied, there ought and can be no interference with his rights or his securities, which might even by bare possibility prejudice or embarrass him in any way in the collection of the residue of his claim;" and KENNEDY, J., adds: " Now, it is obvious that such interference cannot be avoided or guarded against with

certainty, except it be by the court's refusing to substitute upon any terms whatever, as long as any part of the elder creditor's claim remains unpaid." The rule thus laid down has been followed in a long line of cases, in the latest of which, Forest Oil Co.'s App., 118 Pa. 138, the present Chief Justice says: " Until the creditor has been fully paid, substitution or subrogation cannot take place on any terms whatever."

Speaking for myself only, I am disposed to think that the difficulties in the way of a partial and postponed subrogation to the remedies of a partly satisfied creditor are not insuperable, and that the court in Kyner v. Kyner gave up too easily. The case ought to be extreme to justify a court of equity in sitting down and confessing itself powerless to do, in the most direct and effectual way, what its own admitted principles and the demands of justice clearly require. And an express subrogation, by decree explicitly fixing the rights of all parties while the matter is still sub judice, has some advantages which ought not to be lightly thrown away. But equity practice was less familiar to our predecessors when Kyner v. Kyner was decided than it is to us fifty years later; and the rule, in the form that that case left it, is now too firmly fixed to be disturbed, especially in view of the equally well established practice of reaching the same result by less direct, but yet sufficiently effective, methods. It was said by Chief Justice GIBSON, in Fleming v. Beaver, 2 R. 128, that actual payment discharges a judgment at law, but not in equity if justice requires it to be kept alive, and, in such case, that an actual assignment is not necessary. This principle has been applied so often that I need only refer to a few of the more prominent cases: Lathrop's App., 1 Pa. 512, where the later English cases to the contrary are considered; Gossin v. Brown, 11 Pa. 531; Cottrell's App., 23 Pa. 295; Milligan's App., 104 Pa. 503. Under these precedents, the creditors whose fund is now diminished can hereafter at the proper time assert their claims to hold the land which is primarily chargeable, for the full satisfaction of the mortgages, and this is their proper remedy, according to the established practice.

> So much of the decree as attaches a condition to the payment of the dividends to the appellants is reversed, and unconditional payment awarded.