# Crystal Amusement Co. *v.* Potter Title & Trust Co. et al., Appellants.

*Equity—Chancellor's findings of fact—Jurisdiction—Objection in limine—Waiver.*

1. Findings of fact by a chancellor, sustained by the court below, will not be reversed on appeal where there is sufficient evidence to support them.

2. The right to challenge jurisdiction in equity will be treated as waived, unless this objection is explicitly raised in the answer, and an attempt made to have it decided in limine.

*Equity—Two or more securities for claim—Surrender—Security pendente lite.*

3. One who has two or more securities for his claim, is not required to surrender any of them, merely because those remaining may be sufficient for his protection.

4. Where the plaintiff in a proceeding in equity holds possession of the property, which is the subject-matter of dispute, merely as security for the payment of a sum of money alleged to be due, the chancellor may order delivery to the owner, pendente lite, upon his entering adequate security to protect plaintiff's rights.

*Contracts—Mutual covenants—Default of one party—Release of security.*

5. Where an agreement contains mutual covenants, the one who first defaults cannot be heard to complain because the other fails

to comply at a later time, where such compliance would result in releasing any of the security which he was entitled to retain until he was fully paid.

Argued May 12, 1924. Appeals, Nos. 68 and 69, Oct. T., 1924, by defendants, from decree of C. P. Allegheny Co., April T., 1922, No. 2785, on bill in equity, in case of Crystal Amusement Co. v. Potter Title & Trust Co., Administrator of estate of Martin Burke, deceased, and Israel Rosenbloom. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill for injunction. Before SHAFER, P. J.
The opinion of the Supreme Court states the facts.
Decree for plaintiff. Defendants appealed.

*Error assigned* was, inter alia, decree, quoting it.

*J. Rodgers McCreery,* with him *Mortimer B. Lesher* and *Weil, Sipe & Campbell,* for appellants.—Equity was without jurisdiction.

The lease is silent on the length of a further term, and we urge that, in so far as the re-lease term is concerned, the provision is uncertain and unenforceable: Butler v. Kemmerer, 218 Pa. 242; Hunt v. Rousmaniere, 1 Peters 1.

Plaintiff is not entitled to payment for the building, but if so, the true measure is the enhancement of market value accruing to the lot by the building.

Lessors are entitled to compensation for the retention of possession of the premises by lessee from April 1, 1922: Scruggs v. R. R., 108 U. S. 368; Reitenbaugh v. Ludwick, 31 Pa. 131.

*Joseph Stadtfeld,* with him *James E. Hindman,* for appellee.—The provision in the lease for a "re-lease at a reasonable readjustment of rent" or a purchase of the

building by the lessor in case of the latter's refusal to so re-lease, is a covenant running with the land, and binding on the lessor and her grantees: Jones v. Gundrim, 3 W. & S. 531; Cathcart v. Bowman, 5 Pa. 317; Dexter's App., 81 Pa. 403; Kerr v. Day. 14 Pa. 112; Bear v. Whisler, 7 Watts 144.

Lessee is entitled to retain possession until he has been paid the value of the building.

The provision for a re-lease, at a reasonable readjustment of rent, contemplates either a renewal for a like term as the original lease, or for a reasonable term under the circumstances: Cairns v. Llewellyn, 2 Pa. Superior Ct. 599; Creighton v. McKee, 7 Phila. 324; Com. v. Mc-Neile, 8 Phila. 438.

Complainant has no adequate remedy at law, and equity has jurisdiction: Goodrich v. Odenheimer, 2 Phila. 63; Kaufmann v. Liggett, 209 Pa. 87.

Plaintiff is entitled to recover the value of the building as to the date of expiration of the lease.


OPINION BY MR. JUSTICE SIMPSON, July 8, 1924:

Plaintiff was the owner and in possession of a theatre building constructed on land belonging to defendants. By the lease, which governs the dispute between them, it is provided that if, at the expiration of the term specified in it, the owners of the property should "refuse to re-lease at a reasonable readjustment of rent," they would buy the building from plaintiff at a price to be fixed by three arbitrators, one to be chosen by each party and the third by the two thus selected. When the lease was about to expire, plaintiff endeavored to agree with defendants for a reletting of the property, but they refused to enter into a new lease except upon terms which the court below very mildly found, upon ample evidence, did not amount to "a reasonable readjustment of rent." Plaintiff then named an arbitrator to appraise the value of the building, but defendants refused to select another, and notified plaintiff of their intention to take possession

of the property. The former then filed the bill in equity in this case, setting up the facts stated, and the value of the building, and praying appropriate relief. Defendants' answer admitted the above facts, placed a lower value on the building, denied all liability, and averred that plaintiff, by retaining control of the property, became liable for its rental value until possession was delivered. The trial judge found the facts stated in the bill, except as to the value of the building, which he appraised at a sum less than defendants admitted in their answer; refused to allow them the rent claimed; also refused to charge them with interest on his valuation of the building from the date of the breach; and decreed nisi that they should pay that value within a specified time, in default of which a sale of the property might be applied for. Exceptions filed by them were dismissed, the decree nisi was entered as the final decree, and defendants appealed.

There was ample evidence to sustain all the findings of fact made by the chancellor, and therefore the assignments of error on these matters are overruled. The answer did not explicitly challenge the jurisdiction in equity, nor was any attempt made to have this point decided in limine; hence it must be treated as waived: Wright v. Barber, 270 Pa. 186. The only open question is, therefore: Did the court below err in refusing to charge plaintiff with the rental value of the property, after the termination of the lease and pending delivery of possession? We think it did not; but, in any event, as stated in the opinion below, "there is no evidence in the case from which the court could make such an allowance, as it is not shown either that the plaintiffs actually did receive anything for the use of the [property] or what it was worth." The lease was made nearly eleven years before the breach, and hence the amount of rent stated in it, standing alone, was not evidence of the rental value of the property at the later period, even if plaintiff could then have operated the theatre. This could

not wisely be attempted, however, for, as the court below said, "As the property was only retained by the plaintiff because of the failure of defendants to make a proper lease or pay for the building, their occupancy was liable to be brought to an end at any time, and it does not appear how they could have made any profitable use of it."

Moreover, plaintiff had a right to retain possession of the building until paid its value. It is a matter of no moment that, under the lease, plaintiff had additional security, in the nature of a covenant running with the land (as both parties agree the court below properly decided), and could probably, by an action at law, have recovered the amount due. Assuming all this to be true, defendants waived the objection by failing to challenge the jurisdiction in equity. Besides, a party who has two or more securities for his claim is not obliged to surrender any of them, merely because those remaining may be sufficient for his protection: Taylor's App., 81 Pa. 460. Defendants, if they desired possession pendente lite, in order to minimize their possible loss, could have filed a petition asking that the property be delivered up to them, upon entering approved security to protect plaintiff's claim, and doubtless the court below, in the exercise of its ample chancery powers, which plaintiff had invoked, would have made the necessary order. The latter was not required to offer to accept such security, however, and defendants cannot visit upon it the loss resulting from their failure to avail themselves of this remedy.

We have not overlooked the fact that plaintiff agreed to deliver possession at the expiration of the term of the lease; but so, also, defendants agreed to buy and pay for the building at that time, and were not entitled to have possession of it until they did so. The covenants were mutual; defendants' breach of the agreement either to relet the property or to buy the building, and their threat to retake possession, made the litigation necessary; after such conduct, they had no just reason to expect

plaintiff to give up any of its rights. They received all or more than they were entitled to, when the court below refused to charge them with interest on the value of the buildings from the date of the breach.

The decree of the court below is affirmed and the appeals are dismissed at the cost of the respective appellants.