## Stofflett, Appellant, *v.* Kress et ux.

Argued April 15, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*R. Lawrence Coughlin,* with him *Adrian H. Jones,* for appellant.

*Thomas C. Moore,* with him *M. S. De Pierro,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, June 30, 1941:

Blanche C. Stofflett, appellant, owner of a judgment which is a lien upon two parcels of real estate held by Joseph Kress and Anna Kress, his wife, as tenants by entireties, as well as upon property owned by Joseph Kress individually, and which was originally given to one George Krick to secure payment of the purchase price of one of the parcels held by the entireties, issued execution against the individually owned property of

Joseph Kress alone. Alexander Maranuk, by his father and next friend, George Maranuk, and George Maranuk in his own right, appellees, as junior lien creditors of Joseph Kress, individually, by virtue of judgments recovered in an action for injuries sustained by the minor appellee as the result of being bitten by a dog belonging to Kress, filed a petition, under the Act of July 9, 1897, P. L. 237, attacking the validity of appellant's judgment and asking that the execution be vacated and set aside, on the ground that its purpose was not solely to collect the amount due on the judgment, but to defeat the rights of appellees in the property owned by Kress individually and to immunize such property from the lien of their judgments. The court below found appellant's judgment and lien to be valid but, nevertheless, by its final decree, vacated the execution and restrained appellant "until further order of the court" from proceeding against the separate property of Joseph Kress, stating: "On the whole, justice, equity and fair dealing, as well as the usual practice and procedure, require [appellant] to proceed against the properties held by [Joseph Kress and Anna Kress] by entireties which are subject to her judgment and which are more than ample in value to satisfy the same. If she cannot make her money out of these properties, it will then be time enough to proceed against the separate property held by either Joseph Kress or Anna Kress". From the decree so entered, appellant has taken this appeal.

The decree was final and subject to appeal. As stated in *Pontius v. Nesbit*, 40 Pa. 309, 310: "If the dismissal of execution process should be considered as a mere discretionary power of the Courts of Common Pleas, not reviewable on error, it is manifest they might prevent a plaintiff from collecting his judgment altogether. It is a high power to set aside the process of the law. Such a decree is final, and therefore reviewable on error". See also *Patterson v. Patterson*, 27 Pa. 40,

41; *Feagley v. Norbeck,* 127 Pa. 238, 242-43; *Long v. Lebanon Nat. Bank,* 211 Pa. 165, 167; *Penna. Co. etc. v. Scott,* 329 Pa. 534, 550. Moreover, we are of opinion that the decree must be reversed.

It is well settled, as stated in *Crystal A. Co. v. Potter T. & T. Co.,* 281 Pa. 47, 51, that "a party who has two or more securities for his claim is not obliged to surrender any of them, merely because those remaining may be sufficient for his protection", but may, at law, elect which he will proceed against for payment, or take which he pleases first, and has a right to avail himself of any of them until he has realized his whole legal claim, principal and interest. See *Hastings's Case,* 10 Watts 303, 305; *Ayres v. Wattson,* 57 Pa. 360, 364; *Taylor's Appeal,* 81 Pa. 460, 463; *Jennings v. Loeffler,* 184 Pa. 318, 324-25; *Landberg v. Equitable Inv. Co.,* 292 Pa. 476, 481; *Riches v. Pitney,* 328 Pa. 352. Since appellant was, therefore, clearly within her legal rights in issuing the execution, her reasons for doing so are wholly immaterial. As was said in *Jenkins v. Fowler,* 24 Pa. 308, 310: "Malicious motives make a bad act worse; but they cannot make that wrong which, in its own essence, is lawful. When a creditor who has a just debt brings a suit or issues execution, though he does it out of pure enmity to the debtor, he is safe. . . . As long as a man keeps himself within the law by doing no *act* which violates it, we must leave his motives to Him who searches the heart". "If one has the legal right to do a particular thing, the law will not inquire into his motive for doing it": *Vetter's Estate,* 308 Pa. 447, 453. See also *Kirmse v. Adler,* 311 Pa. 78, 86; *Rosenblum v. Rosenblum,* 320 Pa. 103, 108. Here, as in *Pairpoint Mfg. Co. v. Watch Co.,* 161 Pa. 17, where it was held an insufficient reason for interfering with an execution that a sale could be more advantageously conducted in the interests of all creditors by receivers, "appellant is pursuing the regular and orderly course for the collection of a judgment law-

fully obtained for a debt admittedly due. This is [her] right. The interests of other creditors may be affected thereby but, until it is shown that their rights are violated, no one has a standing to challenge the appellant's right to use the means provided by law for the enforcement of [her] claim". Appellant's judgment and lien having been determined to be lawful, the petition for interference with her writ of execution should have been dismissed.

Whether, to the extent they may be prejudiced by execution against Kress' individual property, appellees would, upon proper application, be entitled to subrogation to appellant's rights against the property held by the entireties, as the properties in equity primarily liable for the indebtedness appellant's judgment was given to secure (*Gearhart v. Jordan*, 11 Pa. 325, 331; *Schwarz's Estate*, 290 Pa. 420, 426; *McCahan's Estate*, 312 Pa. 515, 527), is a question neither raised nor involved in this present proceeding. The superior creditor being entitled to the sole direction and control of his security, and all actions, remedies and arrangements that he may desire to take thereon, so long as any part of his claim remains unsatisfied, it is axiomatic, as was pointed out most recently in *Gildner v. First Nat. Bk. & T. Co. of Bethlehem*, 342 Pa. 145, that until he is fully paid subrogation cannot be allowed on any terms whatever. See also *Kyner v. Kyner*, 6 Watts 221, 227; *Forest Oil Co.'s Appeals*, 118 Pa. 138, 145; *Graff & Co.'s Estate*, 139 Pa. 69, 75; *Musgrave v. Dickson*, 172 Pa. 629, 632; *Order of Solon v. Gunther*, 8 Pa. Superior Ct. 319, 333-34.

Decree reversed at appellees' cost.