# Hall's Appeal.

1. Under the Lateral Railroad Act (May 5th 1832), an appeal does not lie to the Supreme Court from a decree of the Common Pleas overruling exceptions to a report of viewers.

2. Exceptions were filed to the report of viewers for a lateral railroad and an appeal to the Common Pleas taken ; the exceptions were overruled whilst the appeal was pending, there was no final judgment, and a certiorari from the Supreme Court was premature.

3. Where exceptions in the court below are overruled and no appeal from the report of viewers has been taken, a certiorari will lie.

4. A decision in the Common Pleas on exceptions, pending an appeal, is to be regarded as interlocutory.

5. Where the court below has passed upon all the issues of law and fact on the record, all, including the exceptions, can come up on a writ of error, the jurisdiction of the Supreme Court extending to them.

November 8th and 9th 1867. Before Thompson, Strong, Read and Agnew, JJ. Woodward, C. J., absent.

Appeal from the decree of the Court of Common Pleas of *Allegheny county* in the matter of F. C. Negley's petition for a lateral railroad : No. 3, to October and November Term 1867.

On the 25th of February 1866, F. C. Negley petitioned the Court of Common Pleas of Allegheny county to be allowed to construct a railroad from his coal-mines to the Pittsburg, Columbus and Cincinnati Railroad through lands of Mary Hall, James R. Holmes, James H. Bell, William Fleming and others. Exceptions were filed to the application for the appointment of viewers, which were overruled, and viewers were appointed. The viewers found the proposed route necessary, assessed the damages to the landholders and reported the same to the court. Exceptions were filed to the report June 15th 1866, and on June 16th the above-named landholders appealed from the report of viewers, and same

day the exceptions were overruled *pro formâ*. October 13th 1866, the exceptions were amended, the report of the viewers confirmed and the petitioner's bond approved. On the 27th of October the landholders appealed to the Supreme Court. The assignments of error were the overruling the exceptions of the appellants and confirming the report of the viewers. The merits of the exceptions, &c., were not passed upon by the Supreme Court, the case having been disposed of upon the question whether it was regularly before the court.

*J. R. Large, Robert Woods* and *T. M. Marshall*, were for the appellants.

*A. M. Brown*, for appellee, argued that under the Act of May 5th 1832, Purd. 846, Pamph. L. 501, an appeal does not lie to the Supreme Court. He also argued that the decree of the court below was not final, and therefore either a certiorari or writ of error would be premature : and cited Horner's Lateral Railroad, 1 Wright 333.

The opinion of the court was delivered, January 7th 1868, by

Thompson, C. J.—This appeal, as it is denominated in the paper-book of the appellants, originated in proceedings to obtain the right of way over their lands, with the necessary sidings, schutes, machinery, fixtures and appurtenances for a lateral railroad to the coal-mines and lands of the petitioner, F. C. Negley, to connect with the Pittsburg and Steubenville Railroad, in length not over three miles. There was a view and report in favor of the road, with an assessment of damages. From the latter there was an appeal, and also exceptions filed to the proceedings. The exceptions were overruled by the court, and then the appeal before us was taken up. If it is to be regarded as an appeal, it is not a case in which there is any authority for an appeal. The proceeding being statutory, we look to the statute for the mode of procedure, and an appeal is not the remedy for errors in overruling the exceptions. As an appeal it must be quashed therefore.

But it is treated as a certiorari by the defendants in error ; and although treated as an appeal by the parties bringing it here, it appears on the record in fact to be both. Having disposed of its claims as an appeal, how does it stand as a certiorari ?

The difficulty to be encountered, if so considered, is, that the case is not ended in the court below, the appeal from the report of the viewers on the subject of damages not being tried or disposed of. Until that is done, we ought not to remove the record from the court below. It must remain there for the purposes of the trial of the appeal. When that is had, the whole record can

[Hall's Appeal.]

come up on writ of error, whether as to matters occurring on the trial of the appeal, or matters otherwise appearing in the record, or both.

What has led to the misunderstanding as to this course of proceeding, and also in Horner & Robinson's Lateral Railroad, 1 Wright 333, is, that it is only on the question of damages an appeal is allowed. Whether more than that is to be tried on appeal, it is not important to say. Irregularities in the proceedings anterior to this, are the subject of exceptions, and if there be no appeal on the subject of damages, the decision of the court below upon them, I have no doubt, can be properly brought up by certiorari. Allowing an appeal as to one portion of the proceedings, and exceptions to another, presents the anomalous appearance of a decree *confirming* the report of the jury of view, while an appeal is still pending.

But if this decree be regarded as *interlocutory* and necessary to precede the trial of the appeal, the whole assumes a more regular appearance.

That the exceptions should be disposed of before the trial of the appeal seems imperative, otherwise the appeal might be tried before it has been ascertained whether the proceedings were such as to sustain the judgment of the court and jury.

The judgment on the exceptions embraced in the decree confirming the report is preparatory or interlocutory to the final judgment, and at the same time is final, so far as it goes, in the court below. Viewed in this light, the case is not at an end until the court shall have passed upon all the issues of law and fact on the record.

When that shall have been done, all can come up on writ of error. It is true, when the exceptions are disposed of, the applicant for the road may give security for the damages which may be assessed, and proceed to open the proposed road: Act 20th April 1858, § 1. But that is the petitioner's concern and at his risk, for I cannot suppose that this provision was intended to deprive the parties interested from testing the validity of their exceptions in the court of the last resort. Uniformity of decision requires this, and the jurisdiction of this court extends to them beyond doubt.

In this view, regarding the proceedings to be here on certiorari, the writ must be quashed. The removal of the record to this court is premature: 1 Wright 333, *supra.*

Writ quashed.