# In re Change of Grade of Germantown Avenue.

1. Upon a certiorari to a road case, in the Court of Quarter Sessions, the opinion of that court sustaining or dismissing the exceptions filed to the report of the viewers constitutes no part of the record. Where, therefore, said opinion alone indicates the disposition made by the court of said exceptions, the Supreme Court will quash the certiorari, upon the ground that the record fails to disclose a judgment.

2. By virtue of the provisions of the Act of May 3d 1869, Pamph. L. 1247, it is the duty of the Court of Quarter Sessions of Philadelphia county, in passing upon exceptions to the report of viewers in road cases, to specify which exceptions are sustained and which dismissed. If said court fail to do this, the Supreme Court will quash a writ of certiorari to the proceedings.

3. Upon certiorari to a road case, the Supreme Court will only consider and review the jurisdiction of the court below and the regularity of the proceedings. The merits of the case will not be inquired into.

4. The Supreme Court cannot, in such case, reverse the findings of the court below upon the facts, nor will it reverse the rulings upon the law where they are the logical deductions from the facts as found.

[In re Germantown Avenue.]

January 27th 1882.   Before Sharswood, C. J., Mercur, Gordon, Paxson, Trunkey, Sterrett and Green, JJ.

Certiorari to the Court of Quarter Sessions of *Philadelphia county* : Of January Term 1882, No. 42.

Petition of George Brandenstein, setting forth that a certain house and lot owned by him fronting on Germantown avenue, and bounded by Cayuga and Nineteenth streets, in the city of Philadelphia, had been damaged by a change of grade of said streets, made by the city authorities; and praying for a jury of view to assess his damages, as provided by the 27th section of the Consolidation Act of February 2d 1854.

A jury was appointed, who reported "that there was a change of grade regulation on Germamtown avenue where it is intersected by Nineteenth street and Cayuga streets, as shown by the official plan, used in evidence;" and that the petitioner's property was damaged by said change of grade regulation to the amount of $2,500, which sum the jury awarded to the petitioner.

To this report, the city of Philadelphia, filed, inter alia, the following exceptions: (1) The jury erred in reporting that "there was a change of grade regulation on Germantown avenue, where it is intersected by Nineteenth and Cayuga streets." (2) The jury should have reported that the said alleged change of grade was in reality the first establishment by the city of a grade regulation for Germantown avenue, between Cayuga and Nineteenth streets, and that there has been no change of grade regulation subsequent to said first establishment thereof. (3) Because the jury have awarded to George Brandenstein the sum of $2,500.

The court, in an opinion filed by Elcock, J., ordered "the award of the jury to be set aside, and the petition dismissed." The petitioner then took a writ of certiorari, which was quashed by the Supreme Court, Paxson, J., delivering the following opinion:—

"This was a certiorari to the Quarter Sessions of Philadelphia. The writ brings up nothing but the record, and, that fails to disclose a judgment in the court below. It is true in the concluding sentence of the opinion of the court, which is printed in the paper book of the plaintiff in error, occur these words : 'The award of the jury is set aside, and the petition dismissed.' The opinion of the court is no part of the record, and were it otherwise, a judgment in the above form could not be sustained, under the decision in Delaware Avenue, 17 P. F. S. 309, where it was ruled that, under the Act of May 3d 1869, Pamph. L. 1247 (Roads in Philadelphia), the Quarter Sessions, in setting aside a report, must expressly state that it was set aside in pursuance of an exception sustained by the court.

[In re Germantown Avenue.]

"The order there was, 'report set aside,' and it was reversed because it was not in conformity with the Act of Assembly. Since that Act, it is the duty of the Quarter Sessions of Philadelphia to specify which exceptions are sustained and which dismissed. This enables us to see, to some extent, upon what grounds the court below acted. For the reasons given, this writ must be quashed. A proper judgment can then be entered in the court below, upon which a new writ may be issued, if desired."

Writ quashed.

The court below subsequently entered the following judgment :—

"And now, January 29th 1881, the record having been returned from the Supreme Court, it is ordered, adjudged, and decreed that the first, second and third exceptions of the city of Philadelphia be sustained, and the remaining exceptions be dismissed, and in pursuance thereof the report of the jury is set aside and petition dismissed."

The petitioner thereupon took this certiorari, and filed the following assignments of error :—

1. The court below erred in setting aside the award of the jury, and in dismissing the petition.

2. The court below erred in deciding that there was no change of survey and regulation of the lines or grade of Germantown avenue as contemplated by the 27th section, Act 1854, known as the Act of Consolidation, whereby a right accrued to the petitioner to proceed as in road cases for the recovery of damages.

3. The court below erred in deciding that the Act of Incorporation of the Germantown and Perkiomen Turnpike Company did not authorize the company to establish grade for said road bed, section 9, Act of Assembly, 1801, Act of Incorporation of said company.

4. The court below erred in deciding that the revision of the lines and grades of Germantown avenue authorized by ordinance, approved March 5th 1878, was not such a change of survey or regulations of one of the highways in the county of Philadelphia, made under a law of this Commonwealth as to give the petitioner who suffered damages to his private property, the right to compensation to be ascertained and paid as in the case of damages for opening streets.

5. The court below erred in not confirming the award of the jury, and in not dismissing the exceptions filed by the city.

*John Roberts* (*George S. Graham* with him), for the appellants.—The change of grade in question, was effected by an ordinance of councils "to authorize the *revision* of the lines

and grades of Germantown avenue ;" this ordinance for a *revision* admits a former establishment of grade. The charter of the old turnpike directed the establishment of a certain grade, viz., " so nearly level as in no place to rise or fall more than would in any place form an angle of four degrees." When the city appropriated the turnpike, it adopted the then existing grade, as the city plans show, and the Consolidation Act of 1854 directs that any " surveys or regulations made under the laws of this Commonwealth shall remain unalterable until otherwise provided for by ordinance." The jury of view was therefore correct in reporting that there had been a "change of grade regulation," by which the petitioner was damaged, and the court erred in sustaining the exceptions to such report.

*W. H. Addicks*, assistant city solicitor (with him *Wm. Nelson West*, city solicitor), for the appellee.—The purchase of the turnpike was not an establishment by the city of a grade regulation. This can only be legally done by the Board of Surveyors. They first established the grade regulation, in pursuance of the ordinance, which changed the old grade of the turnpike. There is a distinction between a physical grade in fact, and an authorized grade regulation. The Act of 1854 only provides for damages caused by a change of grade regulation, and not for injury caused by a change from the natural surface or grade of a road bed to the grade fixed by a first establishment of grade regulation: In re Levering Street, 37 Leg. Int. 38.

But the merits of the controversy cannot be reviewed on this certiorari, which only brings up the record, on which the only questions are those of jurisdiction, and regularity of the proceedings in the court below, neither of which are here impeached: Commonwealth *v.* Nathans, 5 Barr 124; Mifflin Twp. *v.* Elizabeth, 6 Harris 17; Kimber *v.* Schuylkill Co., 8 Harris 366; Silver *v.* Schuylkill Co., 8 Harris 369; Hughes *v.* Kline, 6 Casey 227; Chase *v.* Miller, 5 Wright 403; Appeal of the Commissioners of Northampton County, 7 P. F. Smith 452.

Mr. Justice PAXSON delivered the opinion of the court, February 20th 1882.

This case contains no assignment of error, either to the jurisdiction of the court or the regularity of the proceedings. As nothing else can be reviewed upon a certiorari, there is no room for a discussion of the case. We have said so often that we cannot consider the merits upon such a proceeding, that it is quite unnecessary to repeat it here. The assignments of error nearly all relate to questions of fact, and there is nothing upon

[Milne's Appeal.]

the record to show that the court below erred in regard to them. The court set aside the award of the jury, and dismissed the petition, mainly upon the ground that there was no change of survey and regulation, of the lines or grade, of Germantown avenue as contemplated by the 27th section of the Act of 1854, known as the Consolidation Act. If the fact be as found by the court, the ruling was clearly right. As we cannot upon a certiorari reverse the findings of the learned judge upon the facts, neither can we reverse his rulings upon the law, where they are the logical deductions from the facts as found.

Judgment affirmed.