Wm. D. Wallace *v.* David Jameson, Sarah G. Threadwell, and Alliene W. Threadwell, Appellants.

*Practice, C. P.—Practice, S. C.—Certiorari—Quashing array of jurors.*

Where the defendants in an action of trespass take out a writ of certiorari from the Supreme Court, and while the writ is in their hands, move the court below to quash the array of jurors, they submit their case to the jurisdiction of court after the issue of the certiorari, and are in no position to say that the record has been removed, and the court is without authority to proceed.

*Certiorari—Quashing writ—Change of venue—Quashing array of jurors —Plea in abatement.*

In an action of trespass the defendant, before final judgment, is not entitled to a certiorari from the Supreme Court to review dilatory motions such as for change of venue, to quash the array of jurors, a plea in abatement to the jurisdiction of the court as constituted, as such matters are mere interlocutory steps in the course of a common law action. He must wait until he is aggrieved by a final judgment and bring the whole case here at the same time. Per MITCHELL, J.

*Certiorari—Allowance of—Special allocatur.*

Prior to final judgment a writ of certiorari cannot issue without an allocatur. It is not a writ of right unless made so by statute, and in theory at least, must always be allowed specially, The cases in which this requirement is commonly regarded as merely formal, are limited to writs for purposes of review only after judgment.

Argued Oct. 13, 1896. Appeal, No. 110, Oct. T., 1896, by defendants, from orders of C. P. Lawrence Co., Dec. T., 1894, No. 54, upon various interlocutory motions. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Certiorari quashed.

Trespass for libel.

From the record it appeared that the suit was begun on October 25, 1894. The plaintiff in the suit is the president judge of Lawrence county. On May 1, 1896, he certified of record that he was disqualified to hear the case and referred it to Judge MILLER of the 35th district. On May 25, 1896, a petition for change of venue was presented by defendants to Judge WALLACE, who directed it to be presented to Judge MILLER. (1) It was presented to Judge MILLER, who overruled it. (2) On the same day defendants filed a plea to the jurisdiction of the court, alleging that Judge MILLER was disqualified by reason of a certain letter which he had written, which was quoted in the plea. The court, through Judge MILLER, overruled the plea. (3) On the same day the defendants moved challenging the array of jurors, on the ground that Judge WALLACE had participated in drawing the jurors. Judge MILLER overruled the motion. (4) At 3:20 P. M. on the same day a writ of certiorari was issued from the Supreme Court, without any allocatur. At 3:40 P. M. upon the same day the defendants filed the following plea: "Now, May 26, 1896, before jury is

sworn, defendants, by their attorneys, plead specially to the jurisdiction of this court to proceed in the trial of this cause, and in support thereof show that a writ of certiorari has been issued by the Supreme Court and filed in this case, removing the record in this case out of this court to the Supreme Court." The plea was overruled. (5)

*Errors assigned* were, (1–5) above orders, quoting them.

*D. B. Kurtz* and *J. Norman Martin*, with them *L. T. Kurtz*, for appellants.—When proceedings are not according to the course of the common law no writ of error lies. A certiorari to such proceedings will, however, bring up the record which may be reviewed so far as to ascertain whether the court below had jurisdiction, and whether its proceedings were regular: Barnes v. Com., 11 W. N. C. 375.

The Supreme Court possesses an inherent power to revise the proceedings of all inferior jurisdictions, in order to correct errors on their face, but not to rejudge their judgments on the merits by certiorari: Carpenter's Case, 14 Pa. 486; Kimber v. Schuylkill Co., 20 Pa. 366; Bauer v. Angeny, 100 Pa. 429; Pa. R. R. v. Lutheran Congregation, 53 Pa. 445; In re Grand Lodge, 110 Pa. 613; Appeal of Com'rs of Northampton Co., 57 Pa. 452; Com. v. Balph, 111 Pa. 365; Parks v. Watts, 112 Pa. 4.

Defendants claim that the certiorari becomes operative only from the time it is filed in the court to which it is directed: Miles v. O'Hara, 1 S. & R. 32.

The usual effect of a certiorari is to stay the proceedings of the inferior jurisdiction. Such likewise is the usual effect of a writ of error: Grubb v. Fox, 6 Binney, 460; DeCoursey v. Guar. & Trust Co., 81 Pa. 217; Graver v. Fehr, 89 Pa. 460; Taylor v. Breisch, 8 Pa. C. C. 286.

*B. A. Winternitz*, with him *John G. McConahy*, *W. H. Falls* and *E. M. Underwood*, for appellee.—The appellee respectfully submits that the writ of certiorari issued in this case ought to be quashed, and in support of this position suggests (*a*) that the proceedings were according to the course of the common law. (*b*) There is no final judgment in the case. (*c*) The

writ was not allowed.   (*d*) After the issuing of the writ and before the filing thereof in the court below the defendants submitted themselves to the jurisdiction of the court and took part in the proceedings: Hagerty's Case, 4 Watts, 306; Com. v. Beaumont, 4 Rawle, 366; Aurentz v. Porter, 48 Pa. 335; Road in Selin's Grove, 2 S. & R. 419; Chase v. Miller, 41 Pa. 403; Union Canal Co. v. Keiser, 19 Pa. 134; Bain v. Funk, 61 Pa. 185; Holland v. White, 120 Pa. 228; Fowler v. Lindsey, 3 D. 411; Young's Petition, 9 Pa. 215; 3 Am. & Eng. Ency. of Law, 63; Fennell v. Guffey, 155 Pa. 38.

OPINION BY MR. JUSTICE MITCHELL, January 4, 1897:

It would be sufficient to dismiss this writ for the reason given by the learned judge below, in refusing to regard it as a supersedeas, that the appellants had taken it out and had it in their hands when they moved the court below to quash the array of jurors, and having thus submitted their case to the jurisdiction of the court after the issue of this writ, they are in no position to say now that the record had been removed, and the court was without authority to proceed.   The decisions which hold that the record is to be treated as removed only from the time of actual filing of the writ in the court below, and not from the time of issue out of the office of this court, were intended to save the action of the court in the cause while the record is still actually there, and the court has no official knowledge of the order for its removal.   They have no application to such a case as this.

But the writ must be quashed on broader grounds.   It is not the appropriate remedy, and it was issued prematurely without allowance.   The suit was a common law action for libel.   During its progress, before its actual call for trial by the jury, various dilatory motions were made, for change of venue, to quash the array of jurors, a plea in abatement to the jurisdiction of the court as then constituted, etc.   These matters are not ordinary subjects of certiorari.   It is true they are regulated by statute, and that certiorari is the proper writ to review proceedings out of the course of the common law, but these matters were not statutory proceedings in that sense, but mere interlocutory steps in the course of a common law action.   It has never been held that a party can bring his case to this Court piecemeal in this

way, merely because some of the preliminaries to the trial have been regulated by statute somewhat at variance with ancient common law forms.   If a defendant could have the case reviewed in this way at every step, he could delay the plaintiff indefinitely, and load this Court with matters that belong to the tribunals of first instance.   He must wait until he is aggrieved by a final judgment, and bring the whole case here at the same time.

The certiorari moreover was issued without an allocatur.   It is not a writ of right unless made so by statute, Am. & Eng. Ency. of Law, tit. Certiorari, sec. 5, and in theory at least must always be allowed specially.   While this requirement is commonly regarded as merely formal, yet that practice is limited to writs for purposes of review only after judgment:  Com. v. Nathans, 5 Pa. 124.   In re Road in Selin's Grove, 2 S. & R. 419, the certiorari was quashed because it appeared that the quarter sessions had made no final order.

Certiorari quashed.