## Downer et al. v. Campbell

*Paul Carmichael,* for appellant.

BROWNSON, P. J., June 30, 1934.—This case was originally heard on the argument list before a full bench, consisting of Brownson, P. J., and Cummins

and Hughes, JJ. Before a decision was arrived at, Judge Cummins died, and it now devolves upon his surviving colleagues to dispose of the case.

The record brought before us by this writ of certiorari shows an action commenced by the issuing of a "fraudulent-debtor attachment" and also a writ of "short summons". The exceptions which question the right of the plaintiffs to have such an attachment issued and the sufficiency of the service made by the constable cannot be sustained, for the reason that the docket of the justice does not show the entry of any final judgment.

As was pointed out in Commonwealth v. Day, 3 D. & C. 749, the writ of certiorari is made use of for two entirely distinct and different purposes. One of these is to remove from an inferior to a superior court a case which the latter court has concurrent jurisdiction to hear and determine, and which for some reason cannot or ought not to be tried in the former. As is mentioned in Commonwealth v. Day, the cases of Commonwealth v. Simpson et al., 2 Grant 438, and Commonwealth v. Balph et al., 111 Pa. 365, are instances of the use of this writ for that purpose. When so used, the certiorari issues before the case has proceeded to a final judgment in the court below.

The other purpose for which it is used is to secure an appellate revision, by the superior tribunal, of the proceedings in the inferior court, to the end that errors appearing upon the record may be corrected; and when this is the purpose of the writ it will not lie until after final judgment: In re Change of Grade of Germantown Avenue, 99 Pa. 479, 480, 481; 2 Troubat & Haley's Practice (6th ed.) 1221-22; In re Selin's Grove Road, 2 S. & R. 419; Commonwealth v. Nathans, 5 Pa. 124, 125; Wallace v. Jameson et al., 179 Pa. 94, 98; Commonwealth v. Day, 3 D. & C. 749; and the same rule applies to a writ of error. The reason for this rule is that, the power of the reviewing court upon such a writ being purely correctional, the law does not intend that it shall put, and it does not put, that court in the place of the court below for the purpose of doing that court's work, by deciding the question (that was pending and undetermined in the court below at the time when the writ issued) of the right of the plaintiff to have a judgment entered in his favor. Until the entry of a final judgment, the question whether the precedent interlocutory steps, appearing of record and leading up toward the entry of a judgment (or, as it was expressed in Hall's Appeal, 56 Pa. 238, merely "preparatory . . . to the final judgment"), are regular enough, and sufficient as matter of law, to enable the plaintiff to recover, is a question which it is the function of the tribunal of first instance to decide, and it must do so before a reviewing court will undertake to consider and determine it. As was said by Mr. Justice Mitchell in Wallace v. Jameson et al., 179 Pa. 94, 97-98, a party may not bring a case up to the appellate court piecemeal, every time an interlocutory step is taken in it; "he must wait until he is aggrieved by a final judgment, and bring the whole case here at the same time."

In the present instance, the docket of the justice shows the entry of no judgment in favor of either party. Accordingly, this certiorari, if designed, or insofar as it may have been designed, to review the interlocutory steps taken as exhibited by the record and to have the entire proceedings set aside ab initio, appears to be premature.

But, although the docket does not exhibit the entry of a judgment for any sum in the plaintiff's favor, the record papers sent up show that on January 20, 1932, which was the next day after the return day of the summons, the justice issued an execution against the defendant for $171.42. This execution recited the recovery of a judgment for that amount, but we do not think that such a recital in such a writ is the equivalent, or supplies the lack, of the entry of a

judgment upon the docket. See McGinnis v. Vernon, 67 Pa. 149; Montgomery et al. v. McCaffery, 1 Wash. Co. R. 69, 73-74. Upon the back of this execution is endorsed a return (although not signed by the constable) of a levy upon "one Hudson automobile." The question now comes up: Is the issuing of this execution, without any precedent judgment to support it, reviewable, and can it be set aside upon this certiorari? This question, which the third exception filed was evidently intended to raise, may be stated in different language as follows: Does such issuing of execution amount, in and of itself, to a "final judgment" or the equivalent thereof, within the meaning of the rule that the writ of certiorari lies only after such a judgment has been rendered so that it may be reviewed?

The nearest case that we have been able to discover in connection with proceedings before a justice of the peace is Winters v. Homsher, 8 Lanc. 137. In that case it was held that, as the certiorari was not taken out within 20 days after the entry of judgment by the justice, the judgment itself could not be reviewed, but, as the writ was sued out within 20 days after the issuing of an execution, that execution could be reviewed and set aside under it. There was no discussion of the principle involved. See also Montgomery v. Souder et al., 8 Lanc. 185, and Worst et al. v. Souder et al., 8 Lanc. 187.

There are, however, several cases in the Supreme Court which lay down a principle which appears to be applicable.

The issuing of an execution "is the act of the court" in law, although it may be the prothonotary who actually performs the act: Ewing v. Thompson, 43 Pa. 372, 377. A fortiori, when a justice of the peace issues an execution which is signed with his own hand and sealed by him, this is his official act as a magistrate. This being so, the issue of the execution amounts in law to an "award of execution", which is "in the nature of a final judgment" and therefore reviewable upon a writ of error. In Harger v. Commissioners of Washington County, 12 Pa. 251, 252, it was said: "There can be no doubt that error lies on an award of execution: 1 Lord Raymond, 98; Cassell *v.* Duncan, 2 S. & R. 57; and it has been expressly determined this rule embraces a *fi. fa.* improvidently issued for costs not legally due, if that be apparent of record: Barnet *v.* Ihrie, 1 Rawle [44,] 53. The objection made to the removal of these executions is therefore untenable, and the question whether they were improvidently issued, is properly presented for determination here"; and the fi. fa. was set aside and the record remitted for further proceedings.

This setting aside was for the reason that, the fi. fa. being issued to collect costs incurred in the quarter sessions, and the record not showing a proper taxation of costs, ascertaining and adjudicating what items were owing and collectible, "the executions . . . [were] thus left without the necessary support; the record had not so far matured as to warrant the last step, and for this reason the final process must be set aside": page 254. The situation of the record in that case would seem to be very much analogous to that in the case at bar. So in Barnet v. Ihrie, 1 Rawle 44, where an execution was issued to collect costs, certain items of which had been objected to, and an appeal from their taxation remained undertermined, the court said (p. 53), that in such a case the remedy is that "the execution is reversed, so far as respects the objectionable matter, as having issued without a correspondent judgment to warrant it." (The execution in that case was also held to be erroneous in other respects.) "A writ of error lies in all cases in which a court of record has given a final judgment or made an award in nature of a judgment, . . . or on an award of execution . . .": Pontius v. Nesbit et al., 40 Pa. 309, 310; or where it has

made any order "which is in the nature of an award of execution": Burns et al., v. The Huntingdon Bank, 1 P. & W. 395, 398; Packer, Admr., v. Owens, Execr., et al., 164 Pa. 185, 194; or has discharged a rule to set aside an execution (which amounts to awarding to the plaintiff the right to use execution process) : Long v. Lebanon National Bank, 211 Pa. 165, 167, 168; Packer, Admr., v. Owens, Execr., et al., supra. Similarly, an order setting aside an execution, thus denying to the plaintiff the right to proceed thereon, "is in the nature of a final judgment, to which a writ of error lies . . .": Feagley v. Norbeck et al., 127 Pa. 238, 242, 243; and the same rule applies to an order staying an execution indefinitely: Patterson v. Patterson, 27 Pa. 40. In Cassell et al. v. Duncan, 2 S. & R. 57, the Supreme Court, on a writ of error, reversed and set aside an execution upon the ground that it had issued during the pendency of a suit to revive the judgment, which was at issue and still pending.

It appearing, then, that the award and issuing of an execution is so far in the nature of a final judgment as to be classed as such for the purposes of the rule that a writ of error (except in certain special instances, which are by statute made exceptions to the rule) lies only after final judgment, and the writ of certiorari issued by the common pleas performing the same function as to proceedings before justices that the writ of error (now called an "appeal") does regarding proceedings in the common pleas, we think that, just as in Harger v. Commissioners, supra, a writ of error was entertained and an execution for costs was set aside because not supported by the appearance upon the record of a taxation adjudicating the amount of costs owing, so in the instant case we may set aside this execution, as not being supported by a judgment appearing upon the record, adjudicating the plaintiff's right to recover the amount for which the execution was issued, and then remit the record to the justice for further proceedings.

It is true that the defendant might probably resort to some other remedy. Possibly, he could recover the automobile levied on by replevin, although the justice's transcript indicates that this automobile is not now in the constable's possession but in that of an adverse claimant. And possibly he could bring an action against the justice for wrongfully issuing an execution which he had no jurisdiction to issue. But the existence of another possible remedy is not an insuperable obstacle to obtaining relief by means of a certiorari: 11 C. J. 112, sec. 54; and if, as is indicated in the authority just cited, the question is one of discretion, we feel that under all the circumstances of this case it will be proper to set this execution aside.

And now, June 30, 1934, the objection made in the third exception, that the record shows no judgment authorizing the issue of an execution, is sustained, and the action of the justice in awarding execution is reversed, and the execution issued is set aside, at the cost of the plaintiff in the suit; but, for reasons set forth in the opinion herewith filed, the writ of certiorari, insofar as and to the extent that it concerns, and is intended to obtain a review of, matters other than the issuing of execution, is dismissed as prematurely sued out, and the case is remanded to the justice for further proceedings.

From Harry D. Hamilton, Washington, Pa.