## Harshaw v. Schofield

*Kent, Kent & Kent,* for plaintiff.
*Stuart A. Culbertson,* for defendant.

Mook, P. J., February 4, 1949.—At the instance of plaintiff, a certiorari was issued out of the office of the prothonotary on June 25, 1948, directed to M. E. Barton, justice of the peace in and for the Borough of Conneaut Lake.

In response to the certiorari the justice returned a transcript in the above-named suit showing that no final judgment or order or other disposition of the case had been made.

The transcript reveals that the following procedure had taken place before the justice:

*"Action in Assumpsit*

*"Summons,* issued May 17, 1948, to C. M. Buckley, Constable, Returnable the 22nd day of May, 1948, between the hour of two o'clock P. M. and three o'clock P. M. Affidavit of claim filed     served on defendant by handing a true and attested copy of this summons to defendant personally, on May 17, 1948, and at the same time handed him a copy of plaintiff's affi-

davit of claim, so answers C. M. Buckley, constable on oath.

"And Now May 20, 1948, Stuart A. Culbertson, defendant's attorney petitions for continuance to Thursday, May 22, 1948, between the hours of 4 and 5 p.m. Agreeable to plaintiff's attorneys, Kent & Kent, continuance granted.

"And now May 27, 1948, hearing is begun, with O. Clare Kent representing plaintiff and Stuart A. Culbertson, Esq., for defense. Atty for plaintiff moves for judgment in amount of $300 for plaintiff for lack of filing of affidavit by defense offers to file affidavit of defense at this, the time for the hearing. After arguing points of law as to time of filing affidavit of defense, defendant's attorney moves to proceed with hearing. To enable this court to consult legal authorities on this point, hearing is continued Thursday, June 10, 1948, between the hours of 7:30 P. M. and 8 p. m. And now parties present and hearing is begun. Plaintiff's motion for judgment for lack of affidavit of defense is denied and defendant is permitted to file affidavit of defense. Objection by plaintiff's attorney is overruled and exception noted for plaintiff. And now plaintiff's attorney asks for continuance until he can consult further with his client. Continuance granted to Thursday, June 24, 1948, between the hours of 7:30 P. M. and 8 P. M.

"And now, June 21, 1948, plaintiff's attorney gives notice of taking out a certorari in this case and no hearing to be held as scheduled. Defendant's attorney notified and no continuance of hearing is held on June 24, 1948."

It is, therefore, apparent that no final judgment was entered by the justice in this case, in fact no judgment at all was entered for either party. No hearing had been held and as matters stood at the time the certio-

rari was taken the case was pending before the justice under a continuance granted at the request of plaintiff.

An excellent review of the law relating to the use of the writ of certiorari will be found in the opinion of President Judge Bronson in the case of Downer v. Campbell, 14 Wash. Co. 157. There the court points out that the writ of certiorari is made use of for two distinct and different purposes. One of these is to remove from an inferior court to a superior court a case which the latter court has concurrent jurisdiction to hear and determine, and for some reason cannot or ought not be tried in the former. In the case before us no such situation exists. The case can and should be tried before the justice of the peace, it having been properly instituted there.

"The other purpose for which it [the writ of certiorari] is used is to secure an appellate revision, by the superior tribunal, of the proceedings in the inferior court, to the end that errors appearing upon the record may be corrected", and that is obviously the purpose of the writ taken in this case. But when this is the purpose of the writ, it will not lie until after final judgment. In re Germantown Ave., 99 Pa. 479, 480, 481; 2 Troubat & Haley's Practice (6th ed.) 1221-2; In re Selin's Grove Road, 2 S. & R. 419; Commonwealth v. Nathans, 5 Pa. 124, 125; Wallace v. Jameson, 179 Pa. 94, 98; Commonwealth v. Day, 3 D. & C. 749. As was said by Mr. Justice Mitchell in Wallace v. Jameson, supra, a party may not bring a case up to the appellate court piecemeal, every time an interlocutory step is taken in it; "he must wait until he is aggrieved by a final judgment, and bring the whole case here at the same time".

In the present case, while the justice refused to grant plaintiff's motion for judgment for want of an affidavit of defense, plaintiff is not aggrieved until a judgment has been entered against him. Plaintiff still

had the right to offer testimony, and the result may have been that the justice would have entered a judgment in his favor. It does not appear that the justice ever heard any evidence, the last entry on his transcript shows that following his denial of judgment for want of an affidavit of defense on June 10, 1948, the case was continued until June 24, 1948. In the meantime, on June 21, 1948, plaintiff gave notice of the taking out of a certiorari.

In the case of Perago v. York Railways Co., 31 York 84, a certiorari was taken to the proceedings of a justice during the continuance of a hearing, as was done in the present case. In dismissing the certiorari, the court said:

"We have no other legal information regarding the facts or formality of the proceedings before the alderman than that contained in the transcript. From that we can only determine that the case before the alderman was interrupted by an improvidently issued certiorari. It is impossible for this Court to determine from the record what the final judgment of the alderman would have been if he had been allowed to pronounce judgment after the time fixed for the hearing of the case, 'July 25, 1917, at 1 o'clock P. M.' The defendant's exceptions, therefore, cannot now be determined and the proceedings must be dismissed."

To the same effect is the decision of Judge Walling of Erie Co. in the case of Olmstead v. City of Corry, 12 Dist. R. 672. In his opinion, Judge Walling (later justice of the Supreme Court of Pennsylvania) says:

"It would work intolerable mischief to establish a practice by which a writ of certiorari might be issued at every stage of the proceedings. A case should not be reviewed piecemeal."

In the present instance, as we have indicated, the transcript of the justice shows the entry of no judgment in favor of either party. Accordingly this writ

of certiorari designed to review the interlocutory ruling of the justice in refusing plaintiff's motion for judgment by default and permitting defendant to file an affidavit of defense, as exhibited by the record, is premature and cannot be sustained.

The conclusion we have reached makes it unnecessary to consider the other questions raised by this writ of certiorari concerning the regularity of the proceedings before the justice of the peace. However, since the case must go back to the alderman for further proceedings, we will mention that from our examination of the law in the preparation of this opinion we have observed that it has been held that, if it does not appear by the record that a certified copy of the affidavit of claim was served on defendant with the summons, judgment cannot be entered for want of an affidavit of defense: Abbey v. Young, 10 Pa. C. C. 476, 1 Dist. R. 43, 6 Kulp, 327 (1891) ; Elwood Paper Co. v. Radziewicz, 16 Pa. C. C. 81 (1895) ; Lehman v. Winters, 10 Dist. R. 147 (1900). The reason given is that this act provides a new remedy in derogation of the common law; and to sustain a judgment for want of an affidavit of defense, its requirements must be strictly complied with. The record must show affirmatively that all the precedent acts required by the statute have been performed, or the justice is without jurisdiction, and his judgment will be reversed on certiorari: Fell v. Leach, 31 Pa. C. C. 137 (1905).

The transcript in this case does not show that such a duly certified copy of the statement of claim was served upon defendant, which is not in full compliance with the statute.

### Order

And now, February 4, 1949, upon due consideration the writ of certiorari issued in this case is quashed.