## Commonwealth v. Burns

*T. A. Tenor*, Assistant District Attorney, for Commonwealth.

*Peter O. Steege*, for defendant.

ROWLEY, J., December 4, 1969.—On June 20, 1969, defendant was arrested and charged with violating the overweight provisions of The Vehicle Code of April 29, 1959, P. L. 58. On his petition, a writ of certiorari was issued to the justice of the peace before whom he was taken. The justice of the peace filed his record in this court, as directed, and defendant filed exceptions thereto. Those exceptions are now before us for disposition.

The record discloses that following his arrest on June 20, 1969, defendant was taken before the justice of the peace and a complaint was signed by the arresting police officer. According to the record, the offense occurred at about 5:30 p.m. At 11:30 p.m., that same day, defendant's vehicle was impounded. On July 3, 1969, defendant posted a cash bond with the prothonotary and his vehicle was released by the sheriff. On the same day the writ of certiorari was is-

sued and on July 7, 1969, it was served on the justice of the peace. There is no record that any hearing was held, testimony taken or judgment entered by the justice of the peace. Defendant filed exceptions attacking the validity of his arrest, the initiation of the proceedings against him and the jurisdiction of the justice of the peace. On October 16, 1969, defendant filed what he entitled "Supplemental Exceptions." In his supplemental exceptions, he challenges the failure of the transcript to show that any hearing was held, witnesses heard or disposition made of the charge. He requests that his "conviction" be stricken and his bond released. We have concluded that the writ of certiorari must be quashed and the matter remanded to the justice of the peace for further proceedings.

Section 6 of the Minor Judiciary Court Appeals Act of December 2, 1968, Act No. 355, provides that proceedings brought before the court by writ of certiorari shall be considered "as heretofore provided by law." In Downer v. Campbell, 14 Wash. Co. 157 (1934), the court set forth the nature and purposes of the writ of certiorari in the following language, pages 158-59:

"As was pointed out in Commonwealth v. Day, 3 Wash. Co. Rep. 122, the writ of certiorari is made use of for two entirely distinct and different purposes. One of these is to remove from an inferior to a superior court a case which the latter court has concurrent jurisdiction to hear and determine, and which for some reason cannot or ought not to be tried in the former. As is mentioned in Com. v. Day, the cases of Com. v. Simpson, 2 Grant 438, and Com. v. Balph, 111 Pa. 365, are instances of the use of this writ for that purpose. When so used the certiorari issues before the case has proceeded to a final judgment in the court below.

"The other purpose for which it is used is to secure an appellate revision, by the superior tribunal, of the proceedings in the inferior court, to the end that errors appearing upon the record may be corrected; *and when this is the purpose of the writ, it will not lie until after final judgment:* In re Germantown Ave., 99 Pa. 479, 480, 481; 2 Troubat & Haley's Practice (6th Ed.) 1221-2; In re Selin's Grove Road, 2 S. & R. 419; Com. v. Nathans, 5 Pa. 124, 125; Wallace v. Jameson, 179 Pa. 94, 98; Com. v. Day, 3 Wash. Co. Rep. 122; and the same rule applies to a writ of error. The reason for this rule is that the power of the reviewing court, upon such a writ, being purely correctional, the law does not intend that it shall put, and it does not put, that court in the place of the court below for the purpose of doing that court's work, by deciding the question (that was pending and undetermined in the court below at the time when the writ issued) of the right of the plaintiff to have a judgment entered in his favor. Down until the entry of a final judgment, the question whether the precedent interlocutory steps, appearing of record and leading up toward the entry of a judgment, (or, as it was expressed in Hull's Appeal, 56 Pa. 238, merely 'preparatory . . . to the final judgment,') are regular enough, and sufficient as matter of law, to enable the plaintiff to recover, is a question which it is the function of the tribunal of first instance to decide, and it must do so before a reviewing court will undertake to consider and determine it. As was said by Mr. Justice Mitchell in Wallace v. Jameson, 179 Pa. 94, at page 97, 98, a party may not bring a case up to the appellate court piecemeal, every time an interlocutory step is taken in it; 'he must wait until he is aggrieved by a final judgment and bring the whole case here at the same time.' " (Italics supplied)

The purpose for which the writ was issued, in the present case, was to secure a review by this court of

the proceedings before the justice of the peace. Since the record fails to show that there has been any hearing held or adjudication made by the justice of the peace, the writ was obtained prematurely. Defendant has not, as yet, been "aggrieved by a final judgment." There is no "conviction" to strike or reverse.

In Harshaw v. Schofield, 67 D. & C. 78 (Crawford Co., 1949), the record returned to the court by the justice of the peace disclosed that no final judgment or order had been entered and no hearing held. The record also disclosed that at the time the writ was issued, the case was still pending under a continuance granted to the party who had obtained the writ. The court held that the writ had been issued prematurely and, therefore, quashed it. Also see Perago v. York Railways Co., 31 York 84 (1917), and Olmstead v. City of Corry, 12 Dist. R. 672 (Erie, 1903).

Defendant, in this case, argues, however, that his vehicle could not have been impounded unless he was in default of payment of any fine and costs of prosecution imposed. He avers, therefore, that from the fact that the vehicle was impounded we should assume or infer that a judgment was, in fact, entered against him by the justice of the peace. We do not believe that we are required to make any such assumption. In Downer v. Campbell, supra, although the record did not disclose that any judgment had been entered, an execution had, in fact, been issued and recited a judgment. Defendant there, as does defendant in this case, requested the court to assume that a judgment had been entered. The court declined to do so, saying that it did not "think that such a recital, in such a writ, is the equivalent, or supplies the lack, of the entry of a judgment upon the docket." We agree. We should not be required to pass upon defendant's claims piecemeal. The orderly administration of justice requires that the proceedings before the justice

of the peace be carried through to completion before the matter is brought to this court for review. For these reasons, we make the following

ORDER

Now, December 4, 1969, the writ of certiorari issued on July 3, 1969, is quashed and the record is remanded to the justice of the peace for further proceedings.